# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| NATASHA DIXON, | ) | |
| Plaintiff, | ) | |
| v. | ) | CV619-080 |
| HAYWARD ALTMAN, *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff filed this case on August 26, 2019, doc. 1, and paid the filing fee. There is no indication that she has taken any steps to serve any defendant. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time). She recently filed a document, purportedly under Fed. R. Civ. P. 56, suggesting that the Court had an obligation to serve defendant. *See* doc. 5 at 2. She is mistaken.[1] *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is

---

[1] The remainder of plaintiff's motion, doc. 5, indicates a misunderstanding of the Court's Rule 26 Instruction Order, doc. 2. That Order does not eliminate the requirement that defendants be served, *i.e.* notified that the lawsuit has been filed, by the plaintiff. It merely instructs the parties about their discovery obligations once they

responsible for having the summons and the complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes the service."). Plaintiff's allusion to her lack of legal training, doc. 5 at 2, does not affect her responsibilities under the Federal Rules. *See, e.g., Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* litigant is in court, he is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure.").[2] To the extent that plaintiff's motion could be construed as a request that the Court direct the United States Marshal effect service on the defendants pursuant to Fed. R. Civ. P. 4(c)(3), it is **DENIED**. Doc. 5.

Accordingly, plaintiff has an obligation to serve the defendants. The Court will, however, construe her motion as a request for an extension of the 90-day service period. Plaintiff is **DIRECTED** to serve the defendants

---

are effectively served. Plaintiff several times refers to a sixty-day deadline imposed by the Order. *See, e.g.,* doc. 5 at 4. The deadline the Order imposes for compliance with the obligations imposed by Fed. R. Civ. P. 26 is, however, "the earlier of (1) sixty (60) days *after any defendant has been served with the complaint*; or (2) forty-five (45) days after any defendant has appeared." Doc. 2 at 1. Since no defendant has been served, and thus no defendant has appeared, the deadlines imposed by the Rule 26 Instruction Order have not been triggered.

[2] Plaintiff may access the Federal Rules of Civil Procedure through the United States Courts website, at
https://www.uscourts.gov/sites/default/files/cv_rules_eff._dec._1_2018_0.pdf.

within 60 days from the date of this Order. *See* Fed. R. Civ. P. 4(m) (permitting the court to "order that service be made within a specified time."). **Failure to serve the defendants within that period may result in a dismissal of this case pursuant to Fed. R. Civ. P. 4(m) or on abandonment grounds,** *see* **Fed. R. Civ. P. 41(b).**

Finally, plaintiff has filed a pleading captioned "Petition for Procedural Default and/or a Waiver to Obtain a [sic] Immediate Settlement and Resolution in this Instant Case." Doc. 4. To the extent that this pleading is comprehensible, it relies on a mistaken understanding of the effect of the Court's Rule 26 Instruction Order. *See* note 2, *supra*. Since no defendant has been served, none of them has any obligation to respond to any document filed in this case. Plaintiff's motion is, therefore, **DENIED**. Doc. 4.

**SO ORDERED,** this 24th day of February, 2020.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA