# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| NATASHA DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV619-080 |
| | ) | |
| HAYWARD ALTMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Before the Court is plaintiff's motion for an order directing the United States Marshal to serve plaintiff's Complaint upon the defendants. Doc. 9. In part, that motion is a response to the Court's Order directing her to serve defendants or risk dismissal of this case. *See* doc. 8. In her response, plaintiff complains that COVID-19 restrictions have precluded service upon the governmental employees named in her complaint. *See* doc. 9 at 2 (explaining that known addresses to serve defendants can be accessed by "authorized personnel only"). She then asks the Court to direct the U.S. Marshal's to serve her complaint. *Id*. at 2. Under the circumstances, the Court will construe plaintiff's motion as a request for additional time to serve the defendants, *see* Fed. R. Civ. P. 4(m), which is **GRANTED**. Doc. 9.

The Court has discretion to order service by the U.S. Marshal, even for individuals who are not proceeding *in forma pauperis*. However, the Court will not waive fees for this service.[1]  See 28 CFR § 0.114.  Since plaintiff's service issues appear to stem largely from her (or her retained process server's, *see* Fed. R. Civ. P. 4(c)(2)) inability to physically access the defendants, the Court will grant plaintiff a single opportunity to seek a waiver of service from defendants—which is, in all likelihood, the most cost-efficient option available.

---

[1] The Federal Rules of Civil Procedure provide that, generally, "[t]he plaintiff is responsible for having the summons and complaint served . . . ." Fed. R. Civ. P. 4(c)(1). The Court may, however, "order that service be made by the United States marshal or deputy marshal or by a person specially appointed by the court," in an appropriate case. Fed. R. Civ. P. 4(c)(3); *see also Bax v. Executive office for U.S. Attorneys*, 216 F.R.D. 4, 4 (D.D.C. 2003) ("If the plaintiff is not proceeding *in forma pauperis* or as a seaman, the decision [to direct marshal service] falls within the discretion of the court."). "In exercising this discretion, courts have been mindful that Congress amended Rule 4 'primarily to relieve United States marshals of the burden of serving summonses and complaints in private civil actions.'" *Id.* (quoting *Lovelace v. Acme Mkts., Inc.*, 820 F.2d 81, 83 (3d Cir. 1987)). Even where marshal service is ordered, the service is not free. *See* 28 U.S.C. § 1921(a)(1)(A); *see also, e.g., Sharabati v. Sharabati*, 2015 WL 5937031, at * 3 (N.D. Miss. Oct. 13, 2015) ("[S]ervice of process by the Marshals Service is not free."). The fee schedule is set by regulation. *See* 28 C.F.R. § 0.114(a)(3) (establishing a fee of "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses."). The marshal's fee for service is payable, in whole or in part, in advance of any attempt to serve. *See* 28 U.S.C. § 1921(d) ("The United States marshals may require a deposit to cover the fees and expenses prescribed under this section."); *Demayo v. Reedys All Service, Inc.*, 2013 WL 1663872, at * 1 n. 2 (M.D. Fla. Apr. 17, 2013) (noting even where service by the marshal was authorized by the court, "Plaintiff is required to pay the U.S. Marshals Service its fees and costs prior to service . . ." (emphasis omitted)).

To that end, plaintiff must request that the named defendants waive personal service in the manner provided by Federal Rule of Civil Procedure 4(d). The necessary forms, Notice of Lawsuit and Request to Waive Service of Summons (AO 398), and Waiver of the Service of Summons (AO 399) form, are available at https://www.uscourts.gov/forms/civil-forms. Plaintiff is **DIRECTED** to complete and mail those forms and pleading copies, *see* Fed. R. Civ. P. 4(d)(1)(C), to the defendants in this case no later than 45 days from the date of this Order. She is further **DIRECTED** to certify her compliance with this directive no later than 60 days from the date of this Order. This certification should include the date on which she mailed the Notice of Lawsuit and Request to Waive Service of Summons, the addresses to which the forms were mailed, and copies of the completed forms as they were mailed to the defendant.

If any defendant declines to waive service within the time plaintiff provides, *see* Fed. R. Civ. P. 4(d)(1)(F), and she has complied with the certification directive above, she may renew her motion for service by the United States Marshal at that time. Plaintiff is advised that failure to timely comply with the requirements of this Order may result in a

recommendation that her Complaint be dismissed for failure to obey a court order, *see* Fed. R. Civ. P. 41(b), or failure to timely serve, *see* Fed. R. Civ. P. 4(m).

    **SO ORDERED,** this <u>8th</u> day of February, 2021.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA